```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
```

JUSTIN JULIUS SANTOS,                           :

            Plaintiff,        :        **MEMORANDUM AND ORDER**

      -against-                                 :        06 Civ. 3698 (KNF)

INTER TRANS INSURANCE SERVICES,  :
INC., ET AL.,
                                           :
            Defendants.
------------------------------------------------------X

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

## INTRODUCTION

Plaintiff Justin Julius Santos ("Santos") commenced this action in the New York State Supreme Court, New York County, against two insurance corporations, Inter Trans Insurance Services, Inc. ("ITIS") and American International Group ("AIG"), and an interstate carrier, Key Moving & Storage, Inc. ("KMS"). Santos seeks to recover $175,000 in damages for: (1) breach of contract against ITIS and AIG, including punitive damages; and (2) negligence against KMS.

On May 15, 2006, KMS filed a notice of removal on the ground that the plaintiff's complaint alleges KMS "damaged property that was transported pursuant to interstate transportation agreements and such claims arise solely under 49 U.S.C. § 14706." KMS asserted the action is "removable under 28 U.S.C. Section 1441(a) as one in which this Honorable Court has original jurisdiction pursuant to 28 U.S.C. Section 1331 and 1337(a)." The plaintiff did not challenge the removal. ITIS and AIG filed an answer and a cross-claim against KMS, seeking indemnity or contribution, should they be found liable to the plaintiff. KMS filed an answer to

the cross-claim, asserting, inter alia, an affirmative defense that all state-law claims asserted against it are preempted by federal law, including the Carmack Amendment to the Interstate Commerce Act ("Carmack Amendment"), 49 U.S.C. § 14706.

On October 11, 2007, ITIS and AIG filed a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), or in the alternative, a motion for partial summary judgment, pursuant to Fed. R. Civ. P. 56(b), seeking an order: (a) dismissing the plaintiff's claim of punitive damages for bad faith; (b) dismissing ITIS from the action; and (c) limiting the plaintiff's damages. On November 12, 2007, KMS filed a motion for partial summary judgment, pursuant to Fed. R. Civ. P. 56, seeking an order: (i) limiting its liability to Santos, if any, to a value established by his written declaration, namely, $0.60 per pound per article allegedly lost or damaged, pursuant to 49 U.S.C. § 14706; and (ii) barring certain claims as untimely. The plaintiff opposed the defendants' motions.

**DISCUSSION**

Where the parties do not raise as an issue whether a case has been removed from state court to federal court properly, a district court has an obligation to do so sua sponte. See Barbara v. New York Stock Exch., Inc., 99 F.3d 49, 53 (2d Cir. 1996). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The removing party bears the burden of establishing that the right to a federal forum exists. See R.G. Barry Corp. v. Mushroom Makers, Inc., 612 F.2d 651, 655 (2d Cir. 1979).

"[A]ny civil action brought in a State court, of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the

district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). District courts have original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States," as well as any civil action "arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies." See 28 U.S.C. §§ 1331, 1337(a). If an action is brought under 49 U.S.C. § 14706, a district court has original jurisdiction "only if the matter in controversy for each receipt or bill of lading exceeds $10,000, exclusive of interest and costs." 28 U.S.C. § 1337(a).

"Absent diversity of citizenship, federal-question jurisdiction is required" for removal. Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429 (1987). Whether removal predicated on federal-question jurisdiction is proper is determined by the "'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Id. Under the "well-pleaded complaint rule," the plaintiff is the master of the claim and "he or she may avoid federal jurisdiction by exclusive reliance on state law." Id. Ordinarily, "a complaint that pleads only state law causes of action may not be removed to federal court even where Congress has chosen to regulate the entire field of law in the area in question." Marcus v. AT&T Corp., 138 F.3d 46, 52 (2d Cir. 1998). "[A] case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption." Caterpillar, at 393, 107 S. Ct. at 2430.

However, a case may be removed under "an 'independent corollary' to the well-pleaded complaint rule, known as the 'complete pre-emption' doctrine." Id. (internal citation omitted). The Supreme Court has explained that this pre-emption doctrine applies occasionally, when "the

3

pre-emptive force of a statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." Id. (citation omitted). However, the extraordinary preemptive power of a federal law cannot be established absent the clearly manifested intent of Congress "to make a specific action within a particular area removable." Marcus, 138 F.3d at 54. The Supreme Court has refused to adopt "a broad rule that *any* defense premised on congressional intent to pre-empt state law is sufficient to establish removal jurisdiction." Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 67, 107 S. Ct. 1542, 1548 (1987)(Brennan J., concurring) (emphasis in the original). "[T]he prudent course for a federal court that does not find a clear congressional intent to create removal jurisdiction will be to remand the case to state court." Marcus, 138 F.3d at 54 (quoting Metro. Life Ins. Co., 481 U.S. at 67-68, 107 S. Ct. at 1548).

  The complaint in the instant case asserts a state-law cause of action for breach of an insurance contract and a common-law negligence claim. Diversity of citizenship among the parties does not exist because the plaintiff and KMS are citizens of the same state. See 28 U.S.C. § 1332. The plaintiff does not seek relief under the Carmack Amendment, governing liability of carriers under bills of lading; moreover, the complaint does not mention a bill of lading. KMS's assertion of a preemption defense against the negligence claim is not sufficient to establish complete preemption, absent a showing of clearly manifested congressional intent to create removal jurisdiction under the Carmack Amendment. That KMS may prevail on its preemption defense is irrelevant to the burden imposed on it to establish that removal is proper, under the complete preemption doctrine.

The Carmack Amendment, enacted in 1906, "was adopted without discussion or debate" and "no legislative history accompanied [it]." Cleveland v. Beltman North Am. Co., Inc., 30 F.3d 373, 377 (2d Cir. 1994). It provides that a civil action "may be brought in a United States district court or in a State court." 49 U.S.C. § 14706 (d)(3). The purpose of the Carmack Amendment was to create a uniform rule and supersede all state laws and regulations concerning the obligations and liability of carriers transporting goods in interstate commerce. See Adams Express Co. v. Croninger, 226 U.S. 491, 504-06, 33 S. Ct. 148, 151-52 (1913). The Supreme Court explained that "this purpose will be effectuated, and not impaired or destroyed, by the state courts' obeying and enforcing the provisions of the Federal statute where applicable to the fact in such cases as shall come before them." Id. at 505, 33 S. Ct. at 152 (quotation omitted). The Carmack Amendment does not contain any explicit statement or other clear manifestation of Congress' intent to make an action of this ilk removable.

The Court finds that, absent clear congressional intent to create removal jurisdiction under the Carmack Amendment, invoking the amendment's preemption defense is not a sufficient basis upon which to rely to remove this action from state court to federal court. Accordingly, because the defendant failed to establish a right to remove this action from state court to federal court, the action was removed to federal court improperly and is remanded to the state court from which it came. The Clerk of Court is directed to close this case on the relevant docket sheet.

Dated: New York, New York
February 1, 2008

SO ORDERED:

/Kevin Nathaniel Fox/
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE